UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK DUANE WALKER,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Case No. 1:25-cv-01513-SKO<br><br>FIRST SCREENING ORDER<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Patrick Duane Walker is proceeding pro se and *in forma pauperis* in this action. (Docs. 2, 3.) Upon reviewing his complaint, the undersigned concludes that it fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. He may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the undersigned will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the undersigned will recommend that the case be dismissed.

**I.    SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v.*

1

*Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general civil complaint form provided by this Court. The complaint names United States of America, former President of the United States Joseph R. Biden, and current President of the United States Donald Trump as defendants. (Doc. 1 at 1, 2.) Plaintiff states that subject matter jurisdiction is based on federal question. (*Id*. at 3.) In the section in which Plaintiff is asked to indicate which of his federal constitutional or federal

statutory rights have been violated, Plaintiff writes "my right to live, my right to privacy, the right for protection from my government!" (*Id*. at 4.)

The statement of claim section of the complaint states: "I went to my local law they did nothing. I wrote 9 letters to the White House and did not get any help. It has been a U.S. satellite doing damage for years." (*Id*. at 5.) In handwritten addenda attached to the complaint, Plaintiff states:

> For the last 19 years of my life there has been a satellite locked on my dad's home and on me. I have proof of pictures and videos of it going on of burns and bruises all over my body after 19 years of being beat on by a United States owned satellite.
>
> [. . .]
>
> The fact is the U.S. broke the treaty of 1967 of no weapons in space and what's worse is letting the cops and my family use "voice to skull" and "manipulation of the nervous system" on me . . . . I know the Taft California city cops and sheriffs are involved right along with Chester Walker and family also Mike Walker and family and my government gave these people the means to use satellites on U.S. citizens as a weapon.
>
> [. . .]
>
> I used to walk the streets trying to keep the satellites off my dogs but whom ever was operating that satellite still killed all 3 dogs. It has been a rough 19 years of a person talking into my mind and pushing my body around also.

(Doc. 1 at 8, 9.)

Regarding the relief sought, Plaintiff writes, "After years of burns and 3 dead dogs and the law did nothing while a terrorist attacked me daily." (Doc. 1 at 6.) He seeks "156.3 trillion dollars" for "pain suffering and my 3 dead dogs," as well as "for the government not doing their jobs and allowing this to go on for 19 years." (*Id*. at 6, 7.) The Civil Cover Sheet describes the cause of action as "gross negligence by the United States/satellite owner." (Doc. 1-1.)

### III. DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claim and will be granted an opportunity to file an amended complaint to correct the identified

deficiencies.

### A.   Suit Against the United States and Presidents

Plaintiff names as defendants the United States and Presidents Biden and Trump. "Suits against the federal government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity." *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014). Without a waiver, sovereign immunity bars both equitable and legal claims against the United States, its agencies, and its officers acting in their official capacities. *See Assiniboine & Sioux Tribes of Fort Peck Indian Reservation v. Bd. Of Oil & Gas Cons. Of State of Mont.*, 792 F.2d 782, 792 (9th Cir. 1986). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).) The party suing the United States bears the burden of identifying an unequivocal waiver of immunity. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

The complaint is devoid of any allegations that would enable the Court to determine the basis by which Plaintiff could sue the United States or Presidents Biden or Trump in their official capacities.

### B.   Federal Tort Claims Act

The Civil Cover Sheet, however, references "gross negligence" by the United States. The Federal Tort Claims Act ("FTCA") "render[s] the Government liable in tort as a private individual would be under like circumstances." *See Richards v. United States*, 369 U.S. 1, 6 (1962). To assert an FTCA claim against the United States, a claimant must first "present[] the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a). In addition, "[t]he United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995).

Plaintiff cannot bring a claim under the FTCA against Presidents Biden and Trump and, because he has not pleaded that he exhausted his administrative remedies before any federal agency, his complaint does not state an FTCA claim against the United States.

C.     **Constitutional Claims**

To the extent that Plaintiff is attempting to assert a violation of his constitutional rights by federal or state officials (*see* Doc. 1 at 4, 8), such a claim would arise under 42 U.S.C. § 1983 ("Section 1983"), or in the alternative, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Section 1983 "creates a cause of action against any person who, acting under color of state law, abridges 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 936 (9th Cir. 2003) (quoting 42 U.S.C. § 1983). A *Bivens* claim allows an individual to bring a private cause of action against federal officials for violations of their constitutional rights. *See Bivens*, 403 U.S. at 390–91.

Plaintiff's allegations as pleaded fail to state a claim under Section 1983 or *Bivens*. Plaintiff does not allege that he ever physically encountered any federal or state official. He instead appears to assert he was injured by being subjected to a satellite "locked" on him and by "voice to skull" and "manipulation of the nervous system." Even if the undersigned took these implausible allegations as true, Plaintiff has not alleged how any federal or state official violated Plaintiff's constitutional rights.

D.     **Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so he can provide additional factual allegations against defendants who are amenable to suit and demonstrate why this case should not be barred by the statute of limitations or stayed in favor of state court proceedings. *Lopez*, 203 F.3d at 1130.

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones*, 297 F.3d at 934.

Plaintiff is further advised that an amended complaint supersedes all prior complaints filed

in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint as described above, which will be screened in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the undersigned issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

### IV.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.   File a First Amended Complaint;

    b.   Notify the Court in writing that he wants to stand on the current complaint; or

    c.   File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-01513-SKO.

3. **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **December 1, 2025**                /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE